## SUPREME COURT.

### THOMAS S. BARLOW and another, executors agt. MIRA COFFIN and others.

An *inconsistent* devise or bequest in the *second* of two testamentary papers (a will and codicil) is a *revocation of the first*.

Thus, in case of a devise of the same lands to two persons, while if the devises are in the *same instrument*, the devisees may take jointly or in common; but if they are found in *distinct* testamentary instruments, the *latter* is a complete *revocation* of the former.

*Dutchess Special Term, May*, 1861.

AN action to settle the accounts of the plaintiffs as executors, to construe the will and determine the rights of the parties.

J. F. BARNARD, *for plaintiffs*.
MR. NELSON, *for defendants*.

EMOTT, Justice.    The complaint in this case hardly states sufficient to authorize the court to entertain the suit.    It

does not appear when Thomas Barlow died, (the date of his death being left blank,) nor when Lucy Barlow, his widow, died, except that her death is stated to have occurred in 1860. I do not discover that the plaintiffs, as executors of Thomas Barlow, have anything to do with the real estate which he left, nor do I see how any judgment can be rendered in this action which can affect the lands devised by Thomas Barlow. I therefore exclude the real estate devised to Lucy Barlow, from the present consideration and judgment, and shall determine the rights of these parties in the personal estate only. In respect to this, the complaint states in general terms that Thomas Barlow left real and personal estate, and that his personal estate is undistributed. What the amount of personal estate is, or in what it consists, is not stated, nor does it appear why it still remains in the executors' hands.

If there is personal estate in the hands of the executors of Thomas Barlow, undistributed, and which is claimed by the legatees of Thomas Barlow on the one hand, and by those of Lucy Barlow on the other, a case is undoubtedly presented for the interposition of a court of equity, to settle the accounts of the executors, and to construe the will and determine the rights of the parties.

The counsel for the plaintiffs, representing the executors of Lucy Barlow, invokes the principles stated in *Underhill* agt. *Tripp*, (*ante p.* 51,) to show that the absolute gift in perpetuity to Lucy Barlow, in the will of her husband, can not be affected by the codicil. But the cases are widely distinguishable in more than one particular. If the will and codicil are to be treated as one instrument, they contain an absolute bequest to Lucy Barlow of one-third of the personal estate, and an equally express gift of the same third, after the death of Lucy Barlow, to the testator's four daughters. This is not the case of a mere direction or limitation inconsistent with an absolute bequest, as in *Bradley* agt. *Piexotto*, (3 *Ves.*, 324,) where there was an

attempt to impose a condition that if the legatee attempted to dispose of the fund bequeathed to him, it should go over to another person. Nor is it the case of an absolute bequest, in one part of a will, and an imperfectly expressed intention in another part, to cut down the bequest to a life estate, as in *Billing* agt. *Billing*, (5 *Sim.*, 232,) where the property was first given to trustees to pay it to the testator's nephew, at such time as they saw fit; and there was also a clause that the trustees should pay him the interest after he became of age, weekly or quarterly during his life. This latter clause was not allowed to control the plain terms of a previous absolute bequest.

But here are two bequests, both explicit and necessarily repugnant. If they were both in the same instrument, one must fail altogether, or both must fail, or the will be construed so as to give effect to both by one modifying the other. If one of the bequests were to be rejected, it would not be the latter. The contrary is the old rule, and although somewhat modified in its application in more recent cases, it is a rule of law still, that of two repugnant clauses in a will, the last, while of two such clauses in a deed the first, shall prevail. (*Co. Litt.*, 112, *b*; 2 *Atk.*, 372; 2 *Saund.*, 103.) But where two devises or bequests are not totally irreconcileable, and such as cannot in any way of reading them stand together, one may modify the other, and both have effect. Thus, where lands were given to A. in fee, and in a subsequent part of the will the same lands to B. for life, both parts were allowed to stand, as if the devise were first to B. for life, and then to A. in fee. (*Cro. Eliz.*, 9.) So where the same lands are devised to A. in fee, and in another part of the will to B. in fee, they take jointly or in common. (2 *Atk.*, 486; *Plowd.*, 539.) Where one part of a will contains an absolute devise or bequest to one, and another part contains a clause giving a remainder to another, either absolutely or contingently, upon the death of the first devisee or legatee, it is plain upon prin-

ciple and authority, that the two clauses are to be construed together, and the latter cuts down the former to a life estate. That conclusion was reached by Ld. BROUGHAM after a very able and satisfactory discussion of the authorities in his opinion in *Sherrat* agt. *Bentley*, (2 *Myl. & K.*, 149.) That case is very nearly in point upon the present question, assuming that this will and codicil are to be treated as one instrument. In *Norris* agt. *Beyea*, (3 *Kern.*, 273,) a contingent bequest over at the death of the first taker was sustained, although the first bequest was absolute and express, standing alone. I observed in *Underhill* agt. *Tripp*, that the case would have been no stronger for the first taker, if the bequest over had been absolute and not contingent, and that observation is fully justified by the authorities to which I have just referred. If the two bequests in the present case were contained in the same instrument, I should have no difficulty in holding that both should stand, and that the bequest to the children must cut down that to the widow to a life estate.

But the case is stronger for the defendants than this. The bequest to the widow is contained in a will which is dated January 12th, 1852. That to the children, under which the defendants claim, is contained in a codicil dated October 11th, 1862. The rule in such a case is well settled, that an inconsistent devise or bequest in the second of two testamentary papers is a revocation of the first. Thus, in the case already put, of a devise of the same lands to two persons, while if the devises are in the same instrument, the devisees may take jointly or in common; if they are found in distinct testamentary instruments, the latter is a complete revocation of the former. (3 *Mod.*, 206; *Brant* agt. *Wilson*, 8 *Cow.*, 56.) The opinion of Judge WOODWORTH, in the case of *Brant* agt. *Wilson*, has been reviewed and adopted in a controversy relating to the same lands, which was very recently before this court at general term. (*Wilson* agt. *Wilson*, 32 *Barb.* 328, 336; *S. C.* 20

*How. Pr. R.*, 41.) The general principle is, that a subsequent testamentary disposition of lands or property already devised in an existing will, is a revocation of such previous will, absolutely or *pro tanto*, and at least as far as may be necessary to give effect to the last disposition. (*See Jarm. on Wills*, 156, 158, 161, *and cases cited.*) The codicil made by the present testator in October, revoked the disposition contained in his will of January, 1852, so far as was necessary to give effect to the provisions of the former. Lucy Barlow, therefore, took only a life interest in the one-third of the personalty, and the executors are accountable to the four daughters named in the codicil, for whatever of that share may be in their hands.

There will be judgment for an accounting and distribution accordingly; the costs to come out of the estate.